UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMERON OAKES,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br><br>**Defendant.** | **Civil Action No. 20-7591**<br><br>**COMPLAINT** |

**COMPLAINT FOR INJUNCTIVE RELIEF**

**Preliminary Statement**

1.     This is an action under the Freedom of Information Act ("FOIA") seeking the release of agency records relating to military recruitment contracts at colleges and universities in the United States.

2.     Plaintiff is a freelance journalist who placed certain FOIA requests with the United States Department of Defense in relation to an article she is researching regarding the military recruitment process. The contracts and proposals requested by Plaintiff concern Department of Defense agreements with third party contractors in the recruitment process, and are a critical component of her story in showing certain aspects of that process. Without fulfillment of Plaintiff's FOIA requests, she will be unable to publish the final story. As best can be discerned from the agency's response to the

1

FOIA requests, it appears that the agency can easily retrieve the records and that they are well-identified according to Plaintiff's obligations as a FOIA requestor, but she has been met with repeated, extensive and unlawful delay, as well as attempts to require her to re-submit requests that were well-understood by the agency. The records must be disclosed according to the mandates of the FOIA.

## Parties

3. Plaintiff Cameron Oakes is a freelance journalist whose works have appeared on NBCNews.Com, Haaretz, LAND/RadioLAND (Latin America News Dispatch), NYU Local, Her Culture Magazine, Cooper Squared, MSNBC and The Interlude. Plaintiff resides at 316 West 39th Street, New York, NY 10018.

4. Defendant the United States Department of Defense (the "DOD") is a Department of the Executive Branch of the United States government. DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's residence and principal place of business are in New York.

**The DOD Fails to Timely Respond to Plaintiff's FOIA Requests and Advise Plaintiff of her Right to Appeal**

### Request No. 20-F-0092

7. On or about October 15, 2019, Plaintiff filed a FOIA request with the DOD seeking the following documents:

       Proposals for contracts awarded to 'MullenLowe U.S., Inc." by the Department of Defense from 2001 onwards. 'MullenLowe U.S., Inc.' operates out of Boston, Massachusetts. I would like to have MullenLowe U.S., Inc.'s proposal for each of the following contracts: H981019F0191, H9821018F0187, H9821019F0118, H9821018F0169, H9821018F0061, H9821019F0115, H9821019F0262, H9821018F0060, H982101170063, H9821019F0018, H9821017F0064, H9821017F0148, H9821017F0147, H9821018F0175, H98210117F0085, H9821019F0265, H9821018F0145, H9821019F0222, H9821017F0102, H9821017F0062, H9821018F0125, H9821017F0156. I would also like any proposals, pitches, or memos from MullenLowe U.S., Inc. related to contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086.

8. On October 22, 2019 the DOD wrote to respond to Plaintiff's FOIA request and assigned the Request number 20-F-0092. The DOD responded that it would be unable to respond within the 20 day statutory time period of FOIA, claiming that the "unusual circumstances" set forth in 5 U.S.C. § 552 (a)(6)(B) existed. However, the response did not indicate that a response would be provided within the 10-day period set forth in subsection (i) thereof, and did not advise that a longer period would be required pursuant to subsection (ii) thereof.

9. The DOD did not advise Plaintiff of her right to appeal its response. The DOD did not set forth a date on which a determination on whether to comply with Plaintiff's request would be reached. See Exh. A (Request 20-F-0092 and response).

10. In the some 9 months since its October 22, 2019 response the DOD has provided no further response or updates to Plaintiff.

11. The DOD claimed that the "unusual circumstances" presented by Plaintiff's request were the following: "(a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more agencies or DOD components having a substantial interest in

either the determination or the subject matter of the records."

12.     Upon information and belief, Plaintiff's Request No. 20-F-0092 did not present unusual circumstances that would justify the extensive delay of the DOD of more than 9 months in responding to the request (which amounts to an indefinitely delayed response).  Although it is an element of "unusual circumstances," the forwarding of a request to the component of the DOD that maintains the records is a required practice per the DOD's FOIA regulations, and nothing exceptional to justify more than 9 months of delay. 32 CFR 286.7(c).  Seeking consultation and/or referral of the request from the component agency is also a required practice, and would not justify a more than 9 month delay.  32 CFR 286.7(d).

13.     Most importantly, Request No. 20-F-0092 sought proposals associated with some 22 discretely specified contracts, which are not voluminous.  Given the similar subject matter of the records, a lengthy consultation and/or referral deliberation within the agency of more than 9 months is not supported.

### Request No. 20-F-1051

14.     On April 28, 2020, Plaintiff filed a FOIA request with the DOD seeking the following documents:  "Access to and copies of all Department of Defense contracts, subcontracts, or purchase receipts with 'Equifax Data Services, Inc.' from 2001 onwards. 'Equifax Data Services, Inc.' operates out of Wakefield, M.A."

15.      On May 5, 2020, the DOD wrote to respond to Plaintiff's FOIA request, assigning it number 20-F-1051.  The DOD responded that it would be unable to respond within the 20 day statutory time period of FOIA, claiming that the "unusual circumstances" set forth in 5 U.S.C. § 552 (a)(6)(B) existed.  However, the response did not indicate that a response would be provided within the 10-day

4

period set forth in subsection (i) thereof, and did not advise that a longer period would be required pursuant to subsection (ii) thereof.

16.  The DOD did not advise Plaintiff of her right to appeal its response. The DOD did not set forth a date on which a determination on whether to comply with Plaintiff's request would be reached. See Exh. B (Request 20-F-1051 and response).

17.  On May 28, 2020, Plaintiff received a further response to Request No. 20-F-1051 in an e-mail from the DOD. The e-mail advised Plaintiff that while certain of the documents could be fulfilled by the DOD component she had requested the records from, she was requested to break those requests down to 2 or 3 new requests to process the requests quicker. The e-mail also advised that numerous requests sought contracts from other DOD components, and stated that Plaintiff would need to request the contracts directly from each component agency. The response contained a spreadsheet identifying each contract responsive to Plaintiff's request, comprising 110 contracts. See Exh. C (May 28, 2020 response to Request No. 20-F-1051).

18.  Upon information and belief, no "unusual circumstances" exist to deny access to FOIA Request No. 20-F-1051, and indeed, the DOD's provision of a spreadsheet identifying each and every responsive contract and its location within a specific DOD component demonstrates that the elements of "unusual circumstances" - which are burdensome searching, collection and consultation over responsive records - are not raised at all here.

19.  The procedures set forth in the May 28, 2020 response of the DOD violate its own FOIA procedures as set forth in its regulations. As noted, the DOD is required to forward requests to the component agency that possesses the records to thereby retrieve the records – its regulations do not permit it to force a request to interpolate the information. 32 CFR 286.7(c)-(d). Further, the invitation

for Plaintiff to break the requests into pieces was a further unnecessary foisting of interpolative work on Plaintiff, as the DOD's regulations already permit it to disclose records on "rolling" basis. 32 CFR 286.9(c).

20. The demand that Plaintiff perform additional interpolative work with respect to Request No. 20-F-1051, and that Plaintiff place multiple additional requests in response to her straightforward and non-complex FOIA request amounted to a denial of access.

### Three Additional Requests Placed to the DOD Were Received No Response

21. Plaintiff also placed three closely related, but distinct FOIA Requests in October 2019 that the Department to which the DOD has not yet responded.

22. On October 10, 2019 Plaintiff submitted a FOIA request to the DOD for "a full copy of all contracts awarded to 'Fors Marsh Group LLC' by the Department of Defense from 2001 onwards. 'Fors Marsh Group LLC' operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website, but I would like each of the full contracts (including but not limited to contracts: H98210-15-D-0001 (and its fixed-price modifications), N00178-16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022). I would also like any Fors Marsh Group LLC contracts that did not meet the $7 million dollar requirement necessary to be reported on the DoD website." See Exh. D.

23. On October 10, 2019, Plaintiff submitted a FOIA request to the DOD for "copies of all proposals for the Department of Defense contracts from to "Fors Marsh Group LLC" from 2001 onwards. 'Fors Marsh Group LLC' operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website. I would like to have proposals including but not limited to for contracts (later awarded): H98210-15-D-0001 (and its fixed price modifications), N00178-

16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022.  I would also like any Fors Marsh Group LLC proposals that did not meet the $7 million dollar requirement necessary to be reported on the DoD website." See Exh. E.  Upon information and belief, based on certain correspondence with the DOD, this FOIA request was assigned the tracking number 20-F-0077, however, no formal response was provided.

24. On October 15, 2019, Plaintiff submitted a FOIA request to the DOD for "all contracts awarded to 'MullenLowe U.S., Inc.' by the Department of Defense from 2001 onwards.  'MullenLowe U.S., Inc.' operates out of Boston, Massachusetts.  I would like to have each of the following contracts: H9821019F0191 H9821018F0187 H9821019F0118 H9821018F0169 H9821018F0061 H9821019F0115 H9821019F0262 H9821018F0060 H9821017F0063 H9821019F0018 H9821019F0018 F9821017F0064 H9821017F0148 H9821017F0147 H9821018F0175 H9821017F0085 H9821019F0265 H9821018F0145 H9821019F0222 H9821017F0102 H9821017F0062 H9821018F0125 H9821017F0156.  I would also like all contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086." See Exh. F.

25. For each of the above-referenced FOIA requests set forth in paragraphs 20-22 herein, the DOD has not provided any written response.

### The DOD Has Unlawfully Denied Access to the Documents Sought in all of Plaintiffs Five Requests

26. Under FOIA's provisions, 5 U.S.C. 552(a)(6)(A), an agency must notify a requester within 20 working days of their request of the determination of whether to comply, unless "unusual circumstances" exist pursuant to 5. U.S.C. § 552(a)(6)(B).  However, even assuming "unusual circumstances" exist (and upon information and belief, they do not for these requests), the response must set forth "the date on which a determination is expected to be dispatched."  The same is required by

DOD regulations.  32 CFR § 286.8(c).  In violation of those requirements, none of the DOD's responses claiming "unusual circumstances" provided a date on which a determination would be reached.

27. The DOD has denied access to the records requested by Plaintiff in Requests Nos. 20-F-0092 and 20-F-1051, as well as the three FOIA requests placed in October 2019, by failing to respond within the statutory and regulatory time period and failing to respond in the required manner set forth above, without justification, and in imposing extensive delay as well as other hurdles to access.  What is more, as to Request No. 20-F-0092, the DOD has failed to respond over a period of more than 9 months.

28. Upon information and belief, the DOD has not performed an adequate search for records responsive to Plaintiff in Requests Nos. 20-F-0092 and 20-F-1051.  As its own responses appear indicate, the records are readily obtainable by searching DOD databases.

29. Upon information and belief, none of the records requested by Plaintiff are exempt, and to the extent such records are exempt as trade secrets, her requested advised that the material would be accepted with redactions as to such confidential or exempt information.

30. As a result of the DOD's failure to advise Plaintiff of her right to appeal Requests Nos. 20-F-0092 and 20-F-1051, Plaintiff is deemed to have exhausted her administrative remedies.

31. Plaintiff has brought this litigation to ask the Court to require the DOD to disclose the requested documents.

### Plaintiff is a Journalist Entitled to a Fee Waiver

32. Plaintiff requested a fee waiver in connection to Requests Nos. 20-F-0092 and 20-F-1051 an her other requests that were not assigned a tracking number, pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) as a "representative of the news media."  As noted, Plaintiff is a journalist who is published in major outlets and meets the requirements of this provision.  She gathers information of

8

potential interest to the public, uses editorial skill to turn that information into unique journalistic works, and distributes her work to a public audience.

33. The records sought in these Requests will substantially contribute to the public understanding of military recruitment on college campuses and the intended use of the records is of *bona fide* journalistic and public interest.

### Causes of Action

34. Plaintiff repeats and reincorporates paragraphs 1-33 of the Complaint, as if fully set forth herein.

35. Defendant's failure to timely respond to Plaintiff's requests violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i),  5 U.S.C. § 552(a)(6)(B), and the DOD's regulations 32 CFR § 286.8(c).

36. Defendant's demand that Plaintiff interpolate, divide and re-submit request to various DOD agency components violates DOD regulation 32 CFR § 286.7(c) concerning the role of the DOD in processing FOIA requests.

37. Defendant's failure to make a reasonable effort to search for records responsive to Plaintiff's request violates the FOIA, 5 U.S.C. § 552(a)(3)(C).

38. Defendant's wrongful withholding of non-exempt responsive material violates FOIA, 5 U.S.C. § 552(a)(3)(A).

**WHEREFORE**, Plaintiff seeks and Order of this Court:

    a. Ordering Defendant to immediately process all requested records;

    b. Ordering Defendant to conduct a thorough search for all responsive records;

    c. Ordering Defendant to promptly disclose the requested records in their entirety, or else redacted to the extent necessary to remove exempt information, and make copies

    available to Plaintiff;

d. Enjoining Defendant from charging Plaintiff fees for the processing of the requests;

e. Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

f. Such other relief as the Court deems just and proper.

Respectfully submitted,

**ZAZZALI, FAGELLA, NOWAK
 KLEINBAUM & FRIEDMAN**
Attorneys for the Plaintiff

Dated: September 16, 2020        By:   /s/ Kenneth I. Nowak
                                                      Kenneth I. Nowak, Esq.