AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                        _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMERON OAKES,<br><br>             **Plaintiff,**<br><br>     **v.**<br><br>UNITED STATES DEPARTMENT OF DEFENSE<br><br><br><br>        **Defendant.** | **Civil Action No. 20-7591**<br><br>**COMPLAINT** |

### COMPLAINT FOR INJUNCTIVE RELIEF

#### Preliminary Statement

1.      This is an action under the Freedom of Information Act ("FOIA") seeking the release of agency records relating to military recruitment contracts at colleges and universities in the United States.

2.      Plaintiff is a freelance journalist who placed certain FOIA requests with the United States Department of Defense in relation to an article she is researching regarding the military recruitment process.  The contracts and proposals requested by Plaintiff concern Department of Defense agreements with third party contractors in the recruitment process, and are a critical component of her story in showing certain aspects of that process.  Without fulfillment of Plaintiff's FOIA requests, she will be unable to publish the final story.  As best can be discerned from the agency's response to the

1

FOIA requests, it appears that the agency can easily retrieve the records and that they are well-identified according to Plaintiff's obligations as a FOIA requestor, but she has been met with repeated, extensive and unlawful delay, as well as attempts to require her to re-submit requests that were well-understood by the agency.  The records must be disclosed according to the mandates of the FOIA.

## Parties

3.      Plaintiff Cameron Oakes is a freelance journalist whose works have appeared on NBCNews.Com, Haaretz, LAND/RadioLAND (Latin America News Dispatch), NYU Local, Her Culture Magazine, Cooper Squared, MSNBC and The Interlude.  Plaintiff resides at 316 West 39th Street, New York, NY 10018.

4.      Defendant the United States Department of Defense (the "DOD") is a Department of the Executive Branch of the United States government.  DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

6.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's residence and principal place of business are in New York.

## The DOD Fails to Timely Respond to Plaintiff's FOIA Requests and Advise Plaintiff of her Right to Appeal

## Request No. 20-F-0092

7.      On or about October 15, 2019, Plaintiff filed a FOIA request with the DOD seeking the following documents:

Proposals for contracts awarded to 'MullenLowe U.S., Inc." by the Department of Defense from 2001 onwards. 'MullenLowe U.S., Inc.' operates out of Boston, Massachusetts. I would like to have MullenLowe U.S., Inc.'s proposal for each of the following contracts: H981019F0191, H9821018F0187, H9821019F0118, H9821018F0169, H9821018F0061, H9821019F0115, H9821019F0262, H9821018F0060, H982101170063, H9821019F0018, H9821017F0064, H9821017F0148, H9821017F0147, H9821018F0175, H98210117F0085, H9821019F0265, H9821018F0145, H9821019F0222, H9821017F0102, H9821017F0062, H9821018F0125, H9821017F0156. I would also like any proposals, pitches, or memos from MullenLowe U.S., Inc. related to contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086.

8. On October 22, 2019 the DOD wrote to respond to Plaintiff's FOIA request and assigned the Request number 20-F-0092. The DOD responded that it would be unable to respond within the 20 day statutory time period of FOIA, claiming that the "unusual circumstances" set forth in 5 U.S.C. § 552 (a)(6)(B) existed. However, the response did not indicate that a response would be provided within the 10-day period set forth in subsection (i) thereof, and did not advise that a longer period would be required pursuant to subsection (ii) thereof.

9. The DOD did not advise Plaintiff of her right to appeal its response. The DOD did not set forth a date on which a determination on whether to comply with Plaintiff's request would be reached. See Exh. A (Request 20-F-0092 and response).

10. In the some 9 months since its October 22, 2019 response the DOD has provided no further response or updates to Plaintiff.

11. The DOD claimed that the "unusual circumstances" presented by Plaintiff's request were the following: "(a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more agencies or DOD components having a substantial interest in

either the determination or the subject matter of the records."

12.     Upon information and belief, Plaintiff's Request No. 20-F-0092 did not present unusual circumstances that would justify the extensive delay of the DOD of more than 9 months in responding to the request (which amounts to an indefinitely delayed response).   Although it is an element of "unusual circumstances," the forwarding of a request to the component of the DOD that maintains the records is a required practice per the DOD's FOIA regulations, and nothing exceptional to justify more than 9 months of delay. 32 CFR 286.7(c).   Seeking consultation and/or referral of the request from the component agency is also a required practice, and would not justify a more than 9 month delay.  32 CFR 286.7(d).

13.     Most importantly, Request No. 20-F-0092 sought proposals associated with some 22 discretely specified contracts, which are not voluminous.   Given the similar subject matter of the records, a lengthy consultation and/or referral deliberation within the agency of more than 9 months is not supported.

## Request No. 20-F-1051

14.     On April 28, 2020, Plaintiff filed a FOIA request with the DOD seeking the following documents:   "Access to and copies of all Department of Defense contracts, subcontracts, or purchase receipts with 'Equifax Data Services, Inc.' from 2001 onwards. 'Equifax Data Services, Inc.' operates out of Wakefield, M.A."

15.      On May 5, 2020, the DOD wrote to respond to Plaintiff's FOIA request, assigning it number 20-F-1051.  The DOD responded that it would be unable to respond within the 20 day statutory time period of FOIA, claiming that the "unusual circumstances" set forth in 5 U.S.C. § 552 (a)(6)(B) existed.  However, the response did not indicate that a response would be provided within the 10-day

period set forth in subsection (i) thereof, and did not advise that a longer period would be required pursuant to subsection (ii) thereof.

16.       The DOD did not advise Plaintiff of her right to appeal its response.  The DOD did not set forth a date on which a determination on whether to comply with Plaintiff's request would be reached.  See Exh. B (Request 20-F-1051 and response).

17.       On May 28, 2020, Plaintiff received a further response to Request No. 20-F-1051 in an e-mail from the DOD.  The e-mail advised Plaintiff that while certain of the documents could be fulfilled by the DOD component she had requested the records from, she was requested to break those requests down to 2 or 3 new requests to process the requests quicker.  The e-mail also advised that numerous requests sought contracts from other DOD components, and stated that Plaintiff would need to request the contracts directly from each component agency. The response contained a spreadsheet identifying each contract responsive to Plaintiff's request, comprising 110 contracts.  See Exh. C (May 28, 2020 response to Request No. 20-F-1051).

18.       Upon information and belief, no "unusual circumstances" exist to deny access to FOIA Request No. 20-F-1051, and indeed, the DOD's provision of a spreadsheet identifying each and every responsive contract and its location within a specific DOD component demonstrates that the elements of "unusual circumstances" - which are burdensome searching, collection and consultation over responsive records - are not raised at all here.

19.       The procedures set forth in the May 28, 2020 response of the DOD violate its own FOIA procedures as set forth in its regulations.  As noted, the DOD is required to forward requests to the component agency that possesses the records to thereby retrieve the records – its regulations do not permit it to force a request to interpolate the information. 32 CFR 286.7(c)-(d).   Further, the invitation

for Plaintiff to break the requests into pieces was a further unnecessary foisting of interpolative work on Plaintiff, as the DOD's regulations already permit it to disclose records on "rolling" basis. 32 CFR 286.9(c).

20.     The demand that Plaintiff perform additional interpolative work with respect to Request No. 20-F-1051, and that Plaintiff place multiple additional requests in response to her straightforward and non-complex FOIA request amounted to a denial of access.

### Three Additional Requests Placed to the DOD Were Received No Response

21.     Plaintiff also placed three closely related, but distinct FOIA Requests in October 2019 that the Department to which the DOD has not yet responded.

22.     On October 10, 2019 Plaintiff submitted a FOIA request to the DOD for "a full copy of all contracts awarded to 'Fors Marsh Group LLC' by the Department of Defense from 2001 onwards. 'Fors Marsh Group LLC' operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website, but I would like each of the full contracts (including but not limited to contracts: H98210-15-D-0001 (and its fixed-price modifications), N00178-16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022). I would also like any Fors Marsh Group LLC contracts that did not meet the $7 million dollar requirement necessary to be reported on the DoD website." See Exh. D.

23.     On October 10, 2019, Plaintiff submitted a FOIA request to the DOD for "copies of all proposals for the Department of Defense contracts from to "Fors Marsh Group LLC" from 2001 onwards. 'Fors Marsh Group LLC' operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website. I would like to have proposals including but not limited to for contracts (later awarded): H98210-15-D-0001 (and its fixed price modifications), N00178-

6

16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022.  I would also like any Fors Marsh Group LLC proposals that did not meet the $7 million dollar requirement necessary to be reported on the DoD website."  See Exh. E.  Upon information and belief, based on certain correspondence with the DOD, this FOIA request was assigned the tracking number 20-F-0077, however, no formal response was provided.

24.     On October 15, 2019, Plaintiff submitted a FOIA request to the DOD for "all contracts awarded to 'MullenLowe U.S., Inc.' by the Department of Defense from 2001 onwards.  'MullenLowe U.S., Inc.' operates out of Boston, Massachusetts.  I would like to have each of the following contracts: H9821019F0191 H9821018F0187 H9821019F0118 H9821018F0169 H9821018F0061 H9821019F0115 H9821019F0262 H9821018F0060 H9821017F0063 H9821019F0018 H9821019F0018 F9821017F0064 H9821017F0148 H9821017F0147 H9821018F0175 H9821017F0085 H9821019F0265 H9821018F0145 H9821019F0222 H9821017F0102 H9821017F0062 H9821018F0125 H9821017F0156.  I would also like all contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086."  See Exh. F.

25.     For each of the above-referenced FOIA requests set forth in paragraphs 20-22 herein, the DOD has not provided any written response.

### The DOD Has Unlawfully Denied Access to the Documents Sought in all of Plaintiffs Five Requests

26.     Under FOIA's provisions, 5 U.S.C. 552(a)(6)(A), an agency must notify a requester within 20 working days of their request of the determination of whether to comply, unless "unusual circumstances" exist pursuant to 5. U.S.C. § 552(a)(6)(B).  However, even assuming "unusual circumstances" exist (and upon information and belief, they do not for these requests), the response must set forth "the date on which a determination is expected to be dispatched."   The same is required by

7

DOD regulations.  32 CFR § 286.8(c).  In violation of those requirements, none of the DOD's responses claiming "unusual circumstances" provided a date on which a determination would be reached.

27.      The DOD has denied access to the records requested by Plaintiff in Requests Nos. 20-F-0092 and 20-F-1051, as well as the three FOIA requests placed in October 2019, by failing to respond within the statutory and regulatory time period and failing to respond in the required manner set forth above, without justification, and in imposing extensive delay as well as other hurdles to access.  What is more, as to Request No. 20-F-0092, the DOD has failed to respond over a period of more than 9 months.

28.      Upon information and belief, the DOD has not performed an adequate search for records responsive to Plaintiff in Requests Nos. 20-F-0092 and 20-F-1051.  As its own responses appear indicate, the records are readily obtainable by searching DOD databases.

29.      Upon information and belief, none of the records requested by Plaintiff are exempt, and to the extent such records are exempt as trade secrets, her requested advised that the material would be accepted with redactions as to such confidential or exempt information.

30.      As a result of the DOD's failure to advise Plaintiff of her right to appeal Requests Nos. 20-F-0092 and 20-F-1051, Plaintiff is deemed to have exhausted her administrative remedies.

31.      Plaintiff has brought this litigation to ask the Court to require the DOD to disclose the requested documents.

## Plaintiff is a Journalist Entitled to a Fee Waiver

32.      Plaintiff requested a fee waiver in connection to Requests Nos. 20-F-0092 and 20-F-1051 an her other requests that were not assigned a tracking number, pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) as a "representative of the news media."  As noted, Plaintiff is a journalist who is published in major outlets and meets the requirements of this provision.  She gathers information of

potential interest to the public, uses editorial skill to turn that information into unique journalistic works, and distributes her work to a public audience.

33.     The records sought in these Requests will substantially contribute to the public understanding of military recruitment on college campuses and the intended use of the records is of *bona fide* journalistic and public interest.

## Causes of Action

34.     Plaintiff repeats and reincorporates paragraphs 1-33 of the Complaint, as if fully set forth herein.

35.     Defendant's failure to timely respond to Plaintiff's requests violates the FOIA, 5 U.S.C. § 552(a)(6)(A)(i),  5 U.S.C. § 552(a)(6)(B), and the DOD's regulations 32 CFR § 286.8(c).

36.     Defendant's demand that Plaintiff interpolate, divide and re-submit request to various DOD agency components violates DOD regulation 32 CFR § 286.7(c) concerning the role of the DOD in processing FOIA requests.

37.     Defendant's failure to make a reasonable effort to search for records responsive to Plaintiff's request violates the FOIA, 5 U.S.C. § 552(a)(3)(C).

38.     Defendant's wrongful withholding of non-exempt responsive material violates FOIA, 5 U.S.C. § 552(a)(3)(A).

**WHEREFORE**, Plaintiff seeks and Order of this Court:

   a.   Ordering Defendant to immediately process all requested records;

   b.   Ordering Defendant to conduct a thorough search for all responsive records;

   c.   Ordering Defendant to promptly disclose the requested records in their entirety, or else
        redacted to the extent necessary to remove exempt information, and make copies

9

available to Plaintiff;

d.   Enjoining Defendant from charging Plaintiff fees for the processing of the requests;

e.   Award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to

5 U.S.C. § 552(a)(4)(E);

f.   Such other relief as the Court deems just and proper.

Respectfully submitted,

**ZAZZALI, FAGELLA, NOWAK**
**KLEINBAUM & FRIEDMAN**
Attorneys for the Plaintiff

Dated: September 16, 2020                By:    _/s/ Kenneth I. Nowak
                                                Kenneth I. Nowak, Esq.

10

Cameron Oakes
freelance journalist
N/A
316 West 39th Street
Apt 3E
New York, NY 10018
2163362700

20-F-0092

FOIA Officer
Department of Defense
Office of the Secretary and Joint Staff
1155 Defense Pentagon
Office of Freedom of Information
Washington, DC 20301-1155
(866) 574-4970
whs.mc-alex.esd.mbx.osd-js-foia-requester-service-center@mail.mil


October 15, 2019

## FOIA REQUEST

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of all "MullenLowe U.S., Inc." proposals for contracts awarded to "MullenLowe U.S., Inc." by the Department of Defense from 2001 onwards. "MullenLowe U.S., Inc." operates out of Boston, Massachusetts. I would like to have MullenLowe U.S., Inc.'s proposal for each of the following contracts: H9821019F0191 H9821018F0187 H9821019F0118 H9821018F0169 H9821018F0061 H9821019F0115 H9821019F0262 H9821018F0060 H9821017F0063 H9821019F0018 H9821017F0064 H9821017F0148 H9821017F0147 H9821018F0175 H9821017F0085 H9821019F0265 H9821018F0145 H9821019F0222 H9821017F0102 H9821017F0062 H9821018F0125 H9821017F0156 I would also like any proposals, pitches, or memos from MullenLowe U.S., Inc. related to contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086 It is my understanding that trade secrets are exempt from FOIA requests. In the event that the proposals contain any trade secrets, I request that the secrets be redacted and the contract still provided, as mandated by federal law.

I would like to receive the information in electronic copies. But I will also accept the contracts in paper form. And I am willing to pay a fee to have the documents printed and mailed to me at my listed address.

I agree to pay reasonable fees for the processing of this request up to $100. Please notify me before incurring any expenses in excess of that amount.

Fee Categorization

For fee categorization purposes, I am a representative of the news media. Through this request, I am gathering information for my journalistic work with . . an article that I intend to publish. I do not yet have an outlet for publication, but it will be published some time in early 2020. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Conclusion

If my request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I would appreciate your communicating with me by email or telephone, rather than by mail.

I look forward to your determination regarding my request within 20 business days, as the statute requires.

Thank you in advance for your assistance.

Sincerely,


Cameron Oakes



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

OCT 22 2019
Ref: 20-F-0092

Arthur L. Carter Journalism Institute
ATTN: Cameron Oakes
316 West 39th St. Apt 3E
New York, NY 10018

Dear Mr. Oakes:

This is an interim response to your October 15, 2019 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience. We received your request on the same date and assigned it case number 20-F-0092. We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances that impact our ability to quickly process your request. The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records. At least one, if not more, of these scenarios applies or would likely apply to your request. While this office handles FOIA requests for the Office of the Secretary of Defense (OSD), the Joint Staff (JS), and other component offices, we do not actually hold their records and our office is not geographically located with these organizations. As we do not hold the records, until the required records searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received. Our current administrative workload is approximately 3068 open requests.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests

The OSD/JS FOIA Public Liaison, Darrell Williams, is available at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil to answer any concerns about the foregoing.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road-OGIS
College Park, MD 20740
E-mail: ogis@nara.gov
Telephone: 202-741-5770
Fax: 202-741-5769
Toll-free: 1-877-684-6448

We regret the delay in responding to your request and appreciate your patience. If you
have any questions or concerns about the foregoing or about the processing of your request,
please do not hesitate to contact Ms. Tanya Guimont at Tanya.a.guimont.civ@mail.mil or 571-
372-0416.

Sincerely,

Stephanie L. Carr
Chief

Enclosure:
As stated

# Fax

April 28, 2020

From:        Cameron Oakes
Email:       camoakes.137689@mail.ifoia.org

To:          FOIA Officer
Fax:         (571) 372-0500

**Comments:**

Please see attached request under the Freedom of Information Act, 5 U.S.C. § 552.

Cameron Oakes
Freelance Journalist
316 West 39th Street
Apt 3E
New York, NY 10018
216 336 2700


FOIA Officer
Department of Defense
Office of the Secretary and Joint Staff
1155 Defense Pentagon
Office of Freedom of Information
Washington, DC 20301-1155
571-372-0498



April 28, 2020

**FOIA REQUEST**

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of all Department of Defense contracts, subcontracts, or purchase receipts with "Equifax Data Services, Inc." from 2001 onwards. "Equifax Data Services, Inc." operates out of Wakefield, MA. It is my understanding that trade secrets are exempt from FOIA requests. In the event that the contract contains any trade secrets, I request that the secrets be redacted and the contract still provided, as mandated by federal law. I would like to receive the information in electronic scans, but will also take take them printed or on a flash drive.

I agree to pay reasonable fees for the processing of this request up to $50. Please notify me before incurring any expenses in excess of that amount.

I am a representative of the news media. Through this request, I am gathering information for my journalistic work. I have had work published on NBCNews.com, Haaretz.com, and others. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Please provide expedited processing of this request which concerns a matter of urgency, as I am primarily engaged in disseminating information. The public has an urgent need for information about Equifax's government contracts because of its history of failing to protect consumer information. I certify that my statements concerning the need for expedited processing are true and correct to the best of my knowledge and belief. If you cannot expedite this request, please inform me and process it as a regular request.

If my request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I would appreciate your communicating with me by email or telephone, rather than by mail.

I look forward to your determination regarding my request for expedited processing within 10 calendar days, as the statute requires.

Thank you in advance for your assistance.

Sincerely,

Cameron Oakes



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

May 5, 2020
Ref: 20-F-1051

Cameron Oakes
Freelance Journalist
316 West 39th St. Apt. E3
New York, NY 10018

Dear Mrs. Oakes:

This is an interim response to your April 28, 2020 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience. We received your request on May 5, 2020, and assigned it case number 20-F-1051. We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances which impact our ability to quickly process your request. The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records. At least one, if not more of these scenarios applies or would likely apply to your request. While this office handles FOIA requests for the Office of the Secretary of Defense (OSD), the Joint Staff (JS) and other component offices, we do not actually hold their records and our office is not geographically located with these organizations. As we do not hold the records, until the required records searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received. Our current administrative workload is approximately 3,326 open requests.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests. If you wish to narrow the scope of your request or have questions about the foregoing, please do not hesitate to contact your Action Officer, Mr. Xavier Salame, at xavier.p.salame.ctr@mail.mil or 571-372-0419.

Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Melissa S. Walker, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration.  The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

We regret the delay in responding to your request and appreciate your patience.  As previously stated, please contact your Action Officer, Mr. Salame, and reference FOIA case number 20-F-1051 for any questions or concerns.

Sincerely,

*Stephen L. Fisher*

*For* Stephanie L. Carr
Chief

Enclosure:
As stated

**From:** iFOIA - do not reply <noreply@ifoia.org>
**Subject: A message from iFOIA**
**Date:** 28 May 2020 at 8:48:56 GMT-4
**To:** Cameron Oakes <camoakes192@gmail.com>

**iFOIA.org**                                                           Communication Received

A PROJECT OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS

Dear Cameron Oakes:

You have received an email related to one of your iFOIA requests. The message is available at iFOIA.org.

Project: Contracts
Request: 137689
From: xavier.p.salame.ctr@mail.mil
Subject: 20-F-1051: Freedom of Information Act Request
Message:

Dear Ms. Oakes,

My name is Xavier Salame, I am the action officer on your case 20-F-1051. Attached is a list of all the contracts you requested. We know you wanted the actual contracts themselves, as well as subcontracts and purchase receipts. The contracts will have to be requested from the individual agency. For example the contracting number is tied to a contracting agency and that agency would have to be FOIA'd directly.

My office can help with the WHS contracts at the bottom of the page. We would only ask that, if you agree, we can break up the WHS specific contracts you want into groups of 2 or 3, in the form of new requests.

Just to reiterate, You will have to request the contracts to the individual agency they are tied to. My office can task WHS for the specific contracts you require, we only ask you work with us to group contracts of 2 or 3 into new requests in order to process those contracts as quickly as possible.

If you have any questions or concerns please don't hesitate to reach out.

Very Respectfully,

Xavier Salame
FOIA analyst
For Stephen Fisher, on behalf of
Stephanie L. Carr
Chief, Office of Freedom of Information OSD/JS FOIA Requester Service
Center
(571) 372-0419
xavier.p.salame.ctr@mail.mil

**FY2001-FY2020 DoD Awards to Equifax (Source:  FPDS as of May 18, 2020)**

| Contracting Agency Name | Major Command Code | Contracting Office ID |
|---|---|---|
| DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY | | HS0021 |
| DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY | | HS0021 |
| DEFENSE FINANCE AND ACCOUNTING SERVICE (DFAS) | | HQ0422 |
| DEFENSE HUMAN RESOURCES ACTIVITY | | H98210 |
| DEFENSE HUMAN RESOURCES ACTIVITY | | H98210 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1047 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1064 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1064 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1064 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1064 |
| DEFENSE INFORMATION SYSTEMS AGENCY (DISA) | | HC1064 |
| DEPT OF DEFENSE EDUCATION ACTIVITY (DODEA) | | HE1254 |
| DEPT OF DEFENSE EDUCATION ACTIVITY (DODEA) | | HE1254 |
| DEPT OF DEFENSE EDUCATION ACTIVITY (DODEA) | | HE1254 |
| DEPT OF DEFENSE EDUCATION ACTIVITY (DODEA) | | HE1254 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3016 |
| DEPT OF THE AIR FORCE | AETC | FA3089 |
| DEPT OF THE AIR FORCE | AETC | FA3089 |
| DEPT OF THE ARMY | ACA | W91QF4 |

| | | |
|---|---|---|
| DEPT OF THE ARMY | AMC | W52P1J |
| DEPT OF THE ARMY | AMC | W9124D |
| DEPT OF THE ARMY | AMC | W91QV1 |
| DEPT OF THE ARMY | DCCW | SW01 |
| DEPT OF THE ARMY | DCCW | SW01 |
| DEPT OF THE ARMY | DSSW | SW01 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | INSCOM | W911W4 |
| DEPT OF THE ARMY | MEDCOM | W91YTZ |
| DEPT OF THE ARMY | USACE | W912DR |
| DEPT OF THE ARMY | USACE | W912P5 |
| DEPT OF THE ARMY | | N00259 |
| DEPT OF THE NAVY | | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00104 |
| DEPT OF THE NAVY | NAVSUP | N00189 |
| DEPT OF THE NAVY | NAVSUP | N00189 |
| DEPT OF THE NAVY | NAVSUP | N00189 |
| DEPT OF THE NAVY | NAVSUP | N00189 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N00259 |
| DEPT OF THE NAVY | NAVSUP | N62936 |
| DEPT OF THE NAVY | NAVSUP | N62936 |
| DEPT OF THE NAVY | NAVSUP | N62936 |
| DEPT OF THE NAVY | NAVSUP | N62936 |
| DEPT OF THE NAVY | NAVSUP | N63285 |
| DEPT OF THE NAVY | NAVSUP | N63285 |
| DEPT OF THE NAVY | NAVSUP | N66715 |
| DEPT OF THE NAVY | NAVSUP | N66715 |
| DEPT OF THE NAVY | USMC | M67001 |

| | |
|---|---|
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0034 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0095 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0095 |
| WASHINGTON HEADQUARTERS SERVICES (WHS) | HQ0095 |

| Contracting Office Name | Referenced IDV PIID | PIID | DUNS Number |
|---|---|---|---|
| DEFENSE CI AND SECURITY AGENCY | GS22F9663D | HS002109F0118 | 059538249 |
| DEFENSE CI AND SECURITY AGENCY | GS02F0235X | HS002119F0023 | 059208835 |
| DEFENSE FINANCE AND ACCOUNTING SVC | GS22F9611D | HQ042205F0062 | 045812369 |
| DEFENSE HUMAN RESOURCES ACTIVITY |  | H9821011P0026 | 059538249 |
| DEFENSE HUMAN RESOURCES ACTIVITY | GS00F159DA | H9821016F0022 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104706F4099 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104711F0017 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY |  | HC104712P4035 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104704F4019 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104705F4064 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104707F0069 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104707F0070 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104708F0039 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104709F0035 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104710F0018 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104713F0015 | 059538249 |
| DEFENSE INFORMATION SYSTEMS AGENCY | GS22F9663D | HC104714F0033 | 059538249 |
| J7 WHITE HOUSE COMM AGENCY | GS22F9663D | HC106415F0025 | 059538249 |
| J7 WHITE HOUSE COMM AGENCY | GS00F159DA | HC106417F0029 | 059538249 |
| J7 WHITE HOUSE COMM AGENCY | GS00F159DA | HC106418F0031 | 059538249 |
| J7 WHITE HOUSE COMM AGENCY | GS00F159DA | HC106420F0017 | 059538249 |
| J7 WHITE HOUSE COMM AGENCY | GS22F9663D | HC106416F0039 | 059538249 |
| DOD EDUCATION ACTIVITY |  | HE125405C0030 | 940048916 |
| DOD EDUCATION ACTIVITY |  | HE125408P0089 | 940048916 |
| DOD EDUCATION ACTIVITY |  | HE125407P1241 | 940048916 |
| DOD EDUCATION ACTIVITY | GS22F9663D | HE125409F0011 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG084 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG117 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG143 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG194 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG231 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG308 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG331 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG402 | 059538249 |
| FA3016  502 CONS CL | GS00F159DA | FA301617FG506 | 059538249 |
| FA3016  502 CONS CL | GS22F9663D | FA301616FG002 | 059538249 |
| FA3016  502 CONS CL | GS22F9663D | FA301617FG033 | 059538249 |
| FA3089  902 CONS LGC  JBSA | GS22F9663D | FA308914FG001 | 059538249 |
| FA3089  902 CONS LGC  JBSA | GS22F9663D | FA308915FG001 | 059538249 |
| W6QM MICC-FT LEAVENWORTH | GS35F0022P | W91QF406F0213 | 940048916 |

| | | | |
|---|---|---|---|
| W4MM USA JOINT MUNITIONS CMD | | W52P1J11P5015 | 059538249 |
| W6QM MICC-FT KNOX | | W9124D11P0308 | 059538249 |
| W6QM MICC-FT BELVOIR | | W911W415P0005 | 059538249 |
| DEF. CONTRACT. CMD. - WASHINGTON | | DASW0102D0006 | 045812369 |
| DEF. CONTRACT. CMD. - WASHINGTON | DASW0102D0006 | 3223 | 045812369 |
| DEF. CONTRACT. CMD. - WASHINGTON | GS22F9663D | DASW0101F0207 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | DASC0103F0218 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W405F0002 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W407F0003 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W407F0020 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W408F0005 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W408F0019 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W409F0003 | 059538249 |
| W00Y CONTR OFC DODAAC | | W911W408P0132 | 059538249 |
| W00Y CONTR OFC DODAAC | | W911W411P0195 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W404F0275 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W405F0213 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W406F0011 | 059538249 |
| W00Y CONTR OFC DODAAC | GS22F9663D | W911W411F0038 | 059538249 |
| W40M RHCO-ATLANTIC USAHCA | | W91YTZ13A0056 | 059538249 |
| W2SD ENDIST BALTIMORE | GS22F9663D | W912DR06F0292 | 059538249 |
| US ARMY ENGINEER DISTRICT NASHVILLE | GS23FA0014 | W912P508F0007 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | | N0025904F6007 | 045812369 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025904F6592 | 059538249 |
| NAVSUP WEAPON SYSTEMS SUPPORT MECH | GS22F9663D | N0010412FQB64 | 059538249 |
| NAVSUP FLT LOG CTR NORFOLK | | N0018910P0788 | 059538249 |
| NAVSUP FLT LOG CTR NORFOLK | | N0018910P0926 | 059538249 |
| NAVSUP FLT LOG CTR NORFOLK | | N0018919PZ298 | 059538249 |
| NAVSUP FLT LOG CTR NORFOLK | GS22F9663D | N0018908FZ421 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9611D | N0025909F0018 | 045812369 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025908F0015 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025909F0610 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025911F0066 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025906F6532 | 059538249 |
| NAVAL MEDICAL CENTER SAN DIEGO CA | GS22F9663D | N0025907F0008 | 059538249 |
| CRYPTOLOGIC WARFARE GROUP SIX | | N6293610P0005 | 045812369 |
| CRYPTOLOGIC WARFARE GROUP SIX | GS22F9663D | N6293614F0001 | 059538249 |
| CRYPTOLOGIC WARFARE GROUP SIX | | N6293608P0011 | 045812369 |
| CRYPTOLOGIC WARFARE GROUP SIX | | N6293609P0006 | 045812369 |
| NCIS QUANTICO VA | GS22F9611D | N6328507F0008 | 045812369 |
| NCIS QUANTICO VA | GS22F9663D | N6328510F0002 | 059538249 |
| NAVY RECRUITING COMMAND | GS22F9663D | N6671509F0013 | 059538249 |
| NAVY RECRUITING COMMAND | GS22F9663D | N6671510F0004 | 059538249 |
| COMMANDING GENERAL | GS22F9663D | M6700110F0462 | 059538249 |

| | | | |
|---|---|---|---|
| WASHINGTON HEADQUARTERS SERVICES | | HQ003414P0061 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | | HQ003414P0097 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | | HQ003415P0057 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | | HQ003415P0129 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003409F3048 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003409F3064 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003409F3112 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003413F0116 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003414F0032 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003414F0094 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009504F0127 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009504F0157 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009505F0101 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS00F159DA | HQ003418F0201 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS00F159DA | HQ003419F0252 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9611D | HQ003406F1219 | 045812369 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003406F1132 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003406F1178 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ003407F1197 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009505F0113 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009504F0127 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009504F0157 | 059538249 |
| WASHINGTON HEADQUARTERS SERVICES | GS22F9663D | HQ009505F0101 | 059538249 |

| Vendor Name | Vendor City | Vendor State | Global DUNS Number |
|---|---|---|---|
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| TALX CORPORATION | SAINT LOUIS | MISSOURI | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| PERFORMANCE ASSESSMENT NETWORK INCORPORATED | CARMEL | INDIANA | 045812369 |
| PERFORMANCE ASSESSMENT NETWORK, INC | CARMEL | INDIANA | 045812369 |
| PERFORMANCE ASSESSMENT NETWORK INCORPORATED | CARMEL | INDIANA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| PERFORMANCE ASSESSMENT NETWORK INCORPORATED | CARMEL | INDIANA | 045812369 |

| | | | |
|---|---|---|---|
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INCORPORATED (7969) | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |

| | | | |
|---|---|---|---|
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INFORMATION SERVICES LLC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX INC | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |
| EQUIFAX CREDIT INFORMATION SER | ATLANTA | GEORGIA | 045812369 |

| Global Vendor Name |
| --- |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |
| EQUIFAX INC. |

EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.

EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.
EQUIFAX INC.

Cameron Oakes
freelance journalist
N/A
316 West 39th Street
Apt 3E
New York, NY 10018
2163362700

FOIA Officer
Department of Defense
Office of the Secretary and Joint Staff
1155 Defense Pentagon
Office of Freedom of Information
Washington, DC 20301-1155
(866) 574-4970
whs.mc-alex.esd.mbx.osd-js-foia-requester-service-center@mail.mil


October 10, 2019

### FOIA REQUEST

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of I would like a full copy of all contracts awarded to "Fors Marsh Group LLC" by the Department of Defense from 2001 onwards. "Fors Marsh Group LLC" operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website, but I would like to have each of the full contracts (including but not limited to contracts: H98210-15-D-0001 (and its fixed-price modifications), N00178-16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022). I would also like any Fors Marsh Group LLC contracts that did not meet the $7 million dollar requirement necessary to be reported on the DoD website. It is my understanding that trade secrets are exempt from FOIA requests. In the event that the contract contains any trade secrets, I request that the secrets be redacted and the contract still provided, as mandated by federal law.

I would like to receive the information in I would prefer electronic copies of the contracts. But I will also accept the contracts in paper form. And I am willing to pay a fee to have the documents printed and mailed to me at my listed address.

I agree to pay reasonable fees for the processing of this request up to $100. Please notify me before incurring any expenses in excess of that amount.

Fee Categorization

For fee categorization purposes, I am a representative of the news media. Through this request, I am gathering information for my journalistic work with . . I am a freelance journalist. I am using the documents for research for an article that I intend to publish. I do not yet have an outlet for publication, but it will be published some time in early 2020. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Conclusion

If my request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I would appreciate your communicating with me by email or telephone, rather than by mail.

I look forward to your determination regarding my request within 20 business days, as the statute requires.

Thank you in advance for your assistance.

Sincerely,


Cameron Oakes

Cameron Oakes
Freelance Journalist
n/a
316 West 39th Street
Apt 3E
New York, NY 10018
2163362700

FOIA Officer
Department of Defense
Office of the Secretary and Joint Staff
1155 Defense Pentagon
Office of Freedom of Information
Washington, DC 20301-1155
(866) 574-4970
whs.mc-alex.esd.mbx.osd-js-foia-requester-service-center@mail.mil

October 10, 2019

### FOIA REQUEST

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of all proposals for Department of Defense contracts from to "Fors Marsh Group LLC" from 2001 onwards. "Fors Marsh Group LLC" operates out of Arlington, Virginia. The DoD lists several summaries of million-dollar contracts on its website. I would like to have proposals including but not limited to for contracts (later awarded): H98210-15-D-0001 (and its fixed-price modifications), N00178-16-D-8518 thru N00178-16-D-9125, and W52P1J-15-F-5022. I would also like any Fors Marsh Group LLC proposals that did not meet the $7 million dollar requirement necessary to be reported on the DoD website. It is my understanding that trade secrets are exempt from FOIA requests. In the event that the contract contains any trade secrets, I request that the secrets be redacted and the contract still provided, as mandated by federal law.

I would like to receive the information in electronic copies. But I will also accept the proposals in paper form. And I am willing to pay a fee to have the documents printed and mailed to me at my listed address.

I agree to pay reasonable fees for the processing of this request up to $100. Please notify me before incurring any expenses in excess of that amount.

Fee Categorization

For fee categorization purposes, I am a representative of the news media. Through this request, I am gathering information for my journalistic work with . . an article I intend to publish. I am a freelance journalist. And thus do not yet have an outlet for publication, but it will be published some time in early 2020. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Conclusion

If my request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I would appreciate your communicating with me by email or telephone, rather than by mail.

I look forward to your determination regarding my request within 20 business days, as the statute requires.

Thank you in advance for your assistance.

Sincerely,


Cameron Oakes

Cameron Oakes
freelance journalist
n/a
316 West 39th Street
Apt 3E
New York, NY 10018
2163362700

FOIA Officer
Department of Defense
Office of the Secretary and Joint Staff
1155 Defense Pentagon
Office of Freedom of Information
Washington, DC 20301-1155
(866) 574-4970
whs.mc-alex.esd.mbx.osd-js-foia-requester-service-center@mail.mil


October 15, 2019

### FOIA REQUEST

Dear FOIA Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of all contracts awarded to "MullenLowe U.S., Inc." by the Department of Defense from 2001 onwards. "MullenLowe U.S., Inc." operates out of Boston, Massachusetts. I would like to have each of the following contracts: H9821019F0191 H9821018F0187 H9821019F0118 H9821018F0169 H9821018F0061 H9821019F0115 H9821019F0262 H9821018F0060 H9821017F0063 H9821019F0018 H9821017F0064 H9821017F0148 H9821017F0147 H9821018F0175 H9821017F0085 H9821019F0265 H9821018F0145 H9821019F0222 H9821017F0102 H9821017F0062 H9821018F0125 H9821017F0156 I would also like all contract modifications for the above contracts, including but not limited to contract modification numbers: 0001-0086 It is my understanding that trade secrets are exempt from FOIA requests. In the event that the contract contains any trade secrets, I request that the secrets be redacted and the contract still provided, as mandated by federal law.

I would like to receive the information in electronic copies. But I will also accept the contracts in paper form. And I am willing to pay a fee to have the documents printed and mailed to me at my listed address.

I agree to pay reasonable fees for the processing of this request up to $100. Please notify me before incurring any expenses in excess of that amount.

Fee Categorization

For fee categorization purposes, I am a representative of the news media. Through this request, I am gathering information for my journalistic work with . . an article that I intend to publish. I do not yet have an outlet for publication, but it will be published some time in early 2020. Accordingly, I am only required to pay for the direct cost of duplication after the first 100 pages. 5 U.S.C. § 552(a)(4)(A)(ii)(II); id. § 552(a)(4)(A)(iv)(II).

Conclusion

If my request is denied in whole or part, please justify all withholdings by reference to specific exemptions and statutes, as applicable. For each withholding please also explain why your agency "reasonably foresees that disclosure would harm an interest protected by an exemption" or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8)(A)(i).

I would appreciate your communicating with me by email or telephone, rather than by mail.

I look forward to your determination regarding my request within 20 business days, as the statute requires.

Thank you in advance for your assistance.

Sincerely,


Cameron Oakes

JS 44C/SDNY
REV. 06/01/17

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Cameron Oakes | United States Department of Defense |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER | ATTORNEYS (IF KNOWN) |
|---|---|
| Ken Nowak, Esq. & Raymond Baldino Esq. | The United States Attorney's Office |
| Zazzali Fagella Nowak Kleinbaum & Friedman P.C. | Southern District of New York |
| 570 Broad Street, Newark, NJ 07102 | 1 St. Andrews Plaza |
| | New York, NY |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑    Judge Previously Assigned

If yes, was this case Vol.☐ Invol.☐ Dismissed. No☐ Yes☐ If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE? No ☒   Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*            **NATURE OF SUIT**

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY**
- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [x] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISIO
- [ ] 950 CONSTITUTIONALITY O STATE STATUTES

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32)

*(PLACE AN x IN ONE BOX ONLY)*                                                    **ORIGIN**

[X] 1 Original
Proceeding

[ ] 2 Removed from
State Court

[ ] 3 Remanded
from
Appellate
Court

[ ] 4 Reinstated or
Reopened

[ ] 5 Transferred from
(Specify District)

[ ] 6 Multidistrict
Litigation
(Transferred)

[ ] 7 Appeal to District
Judge from
Magistrate Judge

[ ] a. all parties represented

[ ] 8 Multidistrict Litigation (Direct File)

[ ] b. At least one party
is pro se.

*(PLACE AN x IN ONE BOX ONLY)*                 **BASIS OF JURISDICTION**                 *IF DIVERSITY, INDICATE*
*CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF    [X] 2 U.S. DEFENDANT    [ ] 3 FEDERAL QUESTION    [ ] 4 DIVERSITY
(U.S. NOT A PARTY)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
Cameron Oakes
316 W 39th Street, Apt. 3E
New York, NY 10018

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
United States Department of Defense
Defense Pentagon
Washington, DC 20301-1400

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] MANHATTAN

DATE 09162020    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT # Kenneth I. Nowak

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo 08    Yr. 1981 )
Attorney Bar Code # 021041977

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)