**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street, 3rd Floor
New York, New York 10007

December 7, 2020

BY ECF

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Oakes v. Dep't of Defense*, 20 Civ. 7591 (SHS)

Dear Judge Stein:

     This Office represents the Department of Defense ("DOD") in the above-captioned action, which Plaintiff brings pursuant to the Freedom of Information Act ("FOIA"). I write on behalf of both parties in advance of the initial conference scheduled for December 10, 2020.

     By way of background, Plaintiff submitted five FOIA requests to DOD in the fall of 2019 seeking, generally, contracts (and documents related to those contracts) that DOD entered into with multiple private companies. DOD is currently in the process of collecting the various contracts requested by Plaintiff, which requires coordination with multiple subdivisions of DOD. After these contracts have been collected, they must be reviewed by both DOD and the companies with which DOD contracted. Through this review, both DOD and the companies will determine whether the contract should be produced in its entirety or whether the contract is (in whole in or part) subject to one of the enumerated FOIA exemptions such that it need not be produced (including the exemption for proprietary information).

     In order to allow this process to occur, DOD has proposed (and Plaintiff is evaluating) the following schedule. DOD will identify all contracts requested by Plaintiff by January 15, 2021. Thereafter, DOD will produce these contracts in four productions on February 15, March 15, April 15, and May 17 (May 15 is a Saturday). On January 15, once the parties know the universe of contracts at issue and their nature, they will meet and confer in order to determine how many will be produced on each of the dates listed above. DOD submits that it requires until February 15 to make the first production in order to collect the contracts and permit both DOD and the private companies at issue to review the contracts, as noted above. Thereafter, DOD will continue to make productions on a rolling basis, which, again, will require review by both DOD and the private companies with which it contracted. After productions are completed, the parties would provide a status update to the Court by May 31, 2021, in order to inform the Court of whether there are any issues remaining in this litigation (including whether the parties anticipate

the need for summary judgment motion practice) and, if so, provide an update as to those issues and a proposed path forward.[1]

As noted, Plaintiff is still considering the proposal contained in the above paragraph. Accordingly, the parties respectfully request that they provide an update to the Court with respect to a production schedule by January 15, 2021. In the interim, DOD will continue to collect the relevant contracts and confer with Plaintiff in order to determine the universe of contracts at issue. By that date, either the parties will have agreed to a production schedule and will submit it to the Court for its endorsement, or, if they cannot reach agreement, then they will set forth their respective positions.

The parties thank the Court for its attention to this matter.

Sincerely,

AUDREY STRAUSS
Acting United States Attorney of the
Southern District of New York

By: \_/s/ Alexander J. Hogan_____
ALEXANDER J. HOGAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2799
Fax: (212) 637-2686
E-mail: alexander.hogan@usdoj.gov

---

[1] While the Court's order scheduling the initial conference noted the need for the parties to discuss the scheduling of discovery proceedings and the submission of a joint pretrial order, the parties respectfully submit that, given this is an action brought pursuant to FOIA, discovery and trial are unnecessary. Rather, as outlined above, the parties anticipate that DOD will process the requested documents and either produce them or withhold them based on one of the FOIA exemptions. After production is completed, to the extent Plaintiff seeks to challenge any of DOD's withholdings (to the extent DOD does withhold any documents), then the parties will present those disputes to the Court through summary judgment motion practice. *See Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).